| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Sean C. Ferry (SBN 310347)<br>sferry@raslg.com<br>Shana Stark (SBN 171555)<br>sstark@raslg.com<br>ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP<br>1 Park Plaza, Suite 600<br>Irvine, CA 92614<br>Telephone: (470) 321-7112 | |
| ☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>2531 Heidi Ct. LLC,<br>        Debtor,<br><br>Kathryn Jean Nusratty,<br>        Borrower,<br>and M Hasan Nusratty,<br>        Co-Borrower<br><br><br><br><br>                                        Debtor(s). | CASE NO.: 8:26-bk-10330-SC |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: June 3, 2026<br>TIME: 1:30 PM<br>COURTROOM: 5C |

**Movant:** Select Portfolio Servicing Inc., as Servicing agent for Citibank, N.A., as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HE3 Trust

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012        ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367        ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                        Page 1                                        **F 4001-1.RFS.RP.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (date) ___N/A___ and (time) ___N/A___; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 03/19/2026

ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP
Printed name of law firm (if applicable)

Shana Stark
Printed name of individual Movant or attorney for Movant

/s/ Shana Stark
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

    ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

    ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

    ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

    ☐ Other (specify): N|A

2. **The Property at Issue (Property):**

    a. Address:

    *Street address*: 2531 Heide Court
    *Unit/suite number*: N|A
    *City, state, zip code*: El Sobrante, California 94803

    b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _A_ ):

3. **Bankruptcy Case History:**

    a. A ☒ voluntary ☐ involuntary bankruptcy petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (*date*) _02/03/2026_ .

    b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _N|A_ .

    c. ☐ A plan, if any, was confirmed on (*date*) _N|A_ .

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

    (1) ☐ Movant's interest in the Property is not adequately protected.

        (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

        (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

        (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

    (2) ☒ The bankruptcy case was filed in bad faith.

        (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

        (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

        (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

        (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* N|A ,
which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit N|A.

c. ☐ Other *(specify)*: N|A

6. **Evidence in Support of Motion:  (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit N|A.

d. ☒ Other:
Exhibit "A" (Note, Deed of Trust, Assignment, Loan Modification), Exhibit "B" ( Post-Petition Payment History and Payoff)

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date: 03/19/2026

ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP
Printed name of law firm (*if applicable*)
Shana Stark
Printed name of individual Movant or attorney for Movant

/s/ Shana Stark
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _____ Roselia Chavez _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*): N|A

   c. ☒ Other (*specify*) Select Portfolio Servicing Inc., as Servicing agent for Citibank, N.A., as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HE3 Trust **Document Control Officer**

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached*): N|A

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit A____.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit A____.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (*specify*): N|A

4. a. The address of the Property is:

      *Street address*: 2531 Heide Court
      *Unit/suite no.*:      N|A
      *City, state, zip code*: El Sobrante, California  94803

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
      Included in the Deed of Trust which is attached hereto and made a part hereof as Exhibit "A"

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence   b. ☐ Other residence
   c. ☐ Multi-unit residential   d. ☐ Commercial
   e. ☐ Industrial   f. ☐ Vacant land
   g. ☐ Other (*specify*): N/A

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) (*specify*): Kathryn Jean Nusratty (Borrower), M Hasan Nusratty (Co-Borrower)

   c. ☐ Lienholder (*specify*): N/A

   d. ☐ Other (*specify*): N/A

   e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☒ trust deed.

   The deed was recorded on (*date*) 02/22/2007 .

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____N/A_____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit A____.

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit A____.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit A____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ N/A | $ N/A | $ 1,010,988.44 |
| b. | Accrued interest: 04/03/2026 | $ N/A | $ N/A | $ 77,621.19 |
| c. | Escrow Advance | $ N/A | $ N/A | $ 69,672.65 |
| d. | Total-Fees: | $ N/A | $ N/A | $ 161.64 |
| e. | ACCUM NSF CHARGES: | $ N/A | $ N/A | $ 310.70 |
| f. | RECOVERABLE BALANCE: | $ N/A | $ N/A | $ 3,606.46 |
| g. | TOTAL TO PAYOFF: 04/03/2026 | $ N/A | $ N/A | $ 1,162,361.08 |

   h. ☐ Loan is all due and payable because it matured on (*date*) ____N/A____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) ____N/A____ or ☒ none recorded.

   b. Notice of sale recorded on (*date*) ____N/A____ or ☒ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) ____N/A____ or ☒ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) ____N/A____ or ☒ none scheduled.

   e. Foreclosure sale already held on (*date*) ____N/A____ or ☒ none held.

   f. Trustee's deed upon sale already recorded on (*date*) ____N/A____ or ☒ none recorded.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                              Page 7                              **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit __B__ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a.  Amount of current monthly payment as of the date of this declaration: $ _4,790.83_____ for the month of __March 01_____ 20_26_ .

   b.  Number of payments that have come due and were not made: _41___ . Total amount: $ _178,973.43_____

   c.  Future payments due by time of anticipated hearing date (*if applicable*):

      An additional payment of $ _4,790.83_____ will come due on (*date*) _04/01/2026___ , and on the 1st___ day of each month thereafter. If the payment is not received within _N/A__ days of said due date, a late charge of $ _N/A_____ will be charged to the loan.

   d.  The fair market value of the Property is $ _N/A_____ , established by:

      (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit N|A.

      (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit N|A.

      (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit N|A.

      (4) ☐ Other (*specify*): N|A

   e.  **Calculation of equity/equity cushion in Property:**

      Based upon N|A preliminary title report N|A the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | N|A | $ N|A | $ N/A |
| 2nd deed of trust: | N|A | $ N|A | $ N/A |
| 3rd deed of trust: | N|A | $ N|A | $ N/A |
| Judgment liens: | N|A | $ N|A | $ N/A |
| Taxes: | N|A | $ N|A | $ N/A |
| Other: | N|A | $ N|A | $ N/A |
| **TOTAL DEBT:** $ | N|A | | |

   f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit N|A and consists of:

      (1) ☐ Preliminary title report.

      (2) ☐ Relevant portions of the Debtor's schedules.

      (3) ☐ Other (*specify*): N|A

   g.  ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____N|A_____ and is N|A % of the fair market value of the Property.

   h.  ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $___N|A_____ .

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

i. ☐ Estimated costs of sale: $__N/A__ (estimate based upon __N/A__% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because: N/A

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: __N/A__.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:__N/A__.
A plan was confirmed on the following date (*if applicable*): __N/A__.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | | Total | |
|---|---|---|---|---|---|
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |

(See attachment for additional breakdown of information attached as Exhibit __N/A__.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | | Total | |
|---|---|---|---|---|---|
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |
| N/A | N/A | $ | N/A | $ | N/A |

d. Postpetition advances or other charges due but unpaid:                                   $ N/A
(*For details of type and amount, see Exhibit* __N/A__)

e. Attorneys' fees and costs:                                                               $ N/A
(*For details of type and amount, see Exhibit* __N/A__)

f. Less suspense account or partial paid balance: N/A                          $[ N/A                ]

TOTAL POSTPETITION DELINQUENCY:                          $ N/A

g. Future payments due by time of anticipated hearing date (*if applicable*): __N/A__.
An additional payment of $__N/A__ will come due on __N/A__, and on
the __N/A__ day of each month thereafter. If the payment is not received by the __N/A__ day of the month, a late
charge of $__N/A__ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$__N/A__ received on (*date*) __N/A__
$__N/A__ received on (*date*) __N/A__
$__N/A__ received on (*date*) __N/A__

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit __N/A__. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) __N|A__ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit __N|A__.

16. ☐ Movant regained possession of the Property on (date) ___N|A___, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (specify): N|A

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

      1. Case name: Kathryn Jean Nusratty
         Chapter: 13     Case number: 24-40314
         Date dismissed: 09/30/2024     Date discharged: N|A     Date filed: 03/04/2024
         Relief from stay regarding the Property ☐ was ☒ was not granted.

      2. Case name: Kathryn Jean Nusratty
         Chapter: 13     Case number: 24-41486
         Date dismissed: 10/16/2024     Date discharged: N|A     Date filed: 09/25/2024
         Relief from stay regarding the Property ☐ was ☒ was not granted.

      3. Case name: Kathryn Jean Nusratty
         Chapter: 13     Case number: 24-41674
         Date dismissed: 11/06/2024     Date discharged: N|A     Date filed: 10/22/2024
         Relief from stay regarding the Property ☐ was ☒ was not granted.

   ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit N/A.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

04/28/26
Date

Roselia Chavez
Printed name
**Document Control Officer**
**Select Portfolio Servicing, Inc.**

Signature

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

18(b)  Continuation Page

**In re: 2531 Heidi Ct. LLC**

**Case No. 8:26-bk-10330-SC**

**Motion for Relief from the Automatic Stay**

**18(b): Multiple bankruptcy Cases affecting the Property include:**

4. Case Name: Kathryn Jean Nusratty

   Chapter 13 Case Number: 26-40208

   Date Dismissed:  02/19/2026        Date Filed: 02/03/2026

   Relief from stay regarding the Property not granted

5. Case Name: 2531 Heidi Ct. LLC    Case Number: 26-10330-SC (Current Case)

**18. The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors:**

### THE MORTGAGE LOAN

On or about February 13, 2007, Kathryn Jean Nusratty and M Hasan Nusratty ("Borrowers") executed and delivered an Adjustable Rate Note ("Note") and delivered a Deed of Trust ("Deed of Trust") securing payment of the Note in the amount of $999,999.00 to Washington Mutual Bank ("Lender"). The Deed of Trust was recorded on February 22, 2007, as Document Number 2007-0052925-00, in the Public Records of Contra Cost County Recorder Office. The loan was subsequently transferred to Secured Creditor.

The Deed of Trust provides Secured Creditor a lien on the real property located in Contra Costa County, California, and legally described in Exhibit "A" attached to this Motion for Relief from the Automatic Stay ("Motion"). This property is located at the street address of 2531 Heidi Ct., El Sobrante, California 94803 ("Subject Property").

### UNAUTHORIZED TRANSFER OF PROPERTY INTEREST

After the loan was originated and without the consent of Movant, the Subject Property was then purportedly transferred from the Borrowers to Debtor. The Bankruptcy Debtor is 2531 Heidi Ct. LLC, clearly a business that was set up to hold the Subject Property.  There has been no authorization provided from Movant to transfer the Subject Property to this Debtor Corporation. Such a transfer is a violation of the due on sale clause of the Note.

11 U.S.C. §362(d)(4)(A) applies to schemes involving the transfer of an ownership interest in real property, so long as the transfer takes place without the consent of the secured creditor or court approval. This subsection "only requires the existence of one forbidden transfer. The

transfer is not limited to an ownership interest and include other forms of interests in real property, such as possessory rights or leasehold interest. Given that any such transfer would have the effect of hindering or delaying a secured creditor, the requirement of establishing a scheme would be satisfied unless the debtor could provide a sufficient explanation for the transfer." *In re Merlo*, 646 B.R. 389, 394 (Bankr. E.D.N.Y. 2022).

This Debtor is not the borrower on the loan and claims to have ownership interest in the Subject Property. According to the Debtor's Schedules A/B, it claims a fee simple ownership interest in the Subject Property. Movant is entitled to prospective relief under §362(d)(4)(A) for cause because of the improper transfer of an interest in the Subject Property. The transfer of the Subject Property and the filing of this bankruptcy case filed in relation to the subject property was solely to hinder and delay or defraud the Movant.

Furthermore, this is the fifth bankruptcy case filed in relation to the Subject Property since 2024.

1.  On March 4, 2024, Borrower, Kathryn Jean Nusratty, filed a Chapter 13 voluntary petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division and assigned case number **24-40314-WJL**. Said case was dismissed on September 30, 2024 following Borrower's Notice of Voluntary Dismissal of Chapter 13 case. Prior to the Borrower's notice of voluntary dismissal, an Order Granting Relief from the Automatic Stay pursuant to 11 U.S.C.§ 362(d)(1) was granted as to the Subject Property (*See Case No.* 24-40314, Docket No. 54) .

2.  On September 25, 2024, Borrower, Kathryn Jean Nusratty, filed a Chapter 13 voluntary petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division and assigned case number **24-41486-WLJ**. Said case was dismissed on October 16, 2024 for failure to file required documents. On October 18, 2024, the Court entered an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C.§ 362(d)(1) and § 362(d)(4) at to the Subject Property which the Order is binding in any other case under this title purporting to affect the Subject Property filed not later than 2 years after the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order base upon changed circumstances or for good cause shown, after notice and hearing ("In Rem Order")(*See Case No.* 24-41486-WLJ, Docket No. 28).

3.  Despite the In Rem Order granted by the Court on October 16, 2024, Borrower, Kathryn Jean Nusratty filed a third (3rd) Chapter 13 voluntary petition on October 22, 2024, a mere six (6) days following the In Rem Order entered in her previous case and was assigned case number **24-41674-WLJ**. In the filing of this third case, Borrower failed to move for relief from the In Rem Order, failed to establish changed circumstances and failed to establish good cause and failed to file a notice of hearing in violation of the In

Rem Order in her previous chapter 13 case. Said case was dismissed on November 6, 2024 for failure to file required documents.

4. On February 3, 2026, Borrower, Kathryn Jean Nusratty, filed a fourth (4th) Chapter 13 voluntary petition in the Northern District of California, Oakland Division and assigned case number **26-40208-CN**. This 4th case was not reassigned to Judge Lafferty but assigned to Judge Novack. Said case was dismissed on February 19, 2026 for failure to file required documents, again.

5. On February 3, 2026, Debtor, 2531 Heidi Ct. LLC filed the present Chapter 11 voluntary petition in the Central District of California, Santa Ana Division.

Borrowers have managed to hinder and delay Movant's attempts to protect its interest in the Subject Property by using multiple bankruptcy filings and unauthorized transfer as a way to stop Movant from moving forward with any efforts and enforcing its rights under the Note and Deed of Trust.

Additionally, there is clear and indisputable evidence of a lack of good faith on the part of the Borrower and Debtor. *See,* In re Waldron, 785 F.2d 936, 941 (11th Cir. 1986) ("whenever a [bankruptcy filing] appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives"). It is clear that the Debtor is using the bankruptcy process not for legitimate financial relief and restructuring, but rather, to create an impediment to Movant moving forward with any efforts and enforcing its rights under the Note and Deed of Trust.

The loan is contractually due for December 1, 2022. The Borrower continues to benefit from the Subject Property while remaining delinquent on the obligations under the Note and Deed of Trust. Both Debtor and Borrower have continued to use the protection of the bankruptcy stay to hinder, delay and defraud Movant in its attempts to protect its interest with regard to the Subject Property. Movant continues to incur additional costs and fees associated with the Subject Property.

Movant requests that *In Rem* relief be granted pursuant to section 362(d)(4)(A) and 362(d)(4)(B) so that any subsequent bankruptcy filing purporting to affect the Subject Property during the two year period would not cause the automatic stay to be effective against Movant and the Subject Property.