| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy II, APC<br>26632 Towne Centre Drive #300<br>Foothill Ranch, CA 92610<br>Phone and Fax: (949) 218-2002<br>avaesq@lakeforestbkoffice.com | |
| ☐ *Respondent appearing without attorney*<br>☒ *Attorney for Respondent*: | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>2531 Heidi Court, LLC. | CASE NO.: 8:26-bk-10330-SC<br>CHAPTER: 11 |
|---|---|
| | **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** |
| | DATE: 06/03/2026<br>TIME: 1:30 pm<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |
| Debtor(s). | |

**Movant:** CITIBANK, N.A. as Trustee, in trust or registered Holders of WaMu Asset-Backed Certificates Wamu Series 2007-HE3 Trust

**Respondent:**  ☒ Debtor   ☐ trustee   ☐ other:

NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:

A copy of the Response, exhibit(s) and declaration(s) must be served upon:

(1) Movant's attorney (or Movant, if Movant does not have an attorney);

(2) the trustee; and

(3) the judge who presides over this bankruptcy case.

Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**

The Respondent does not oppose the granting of the Motion.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2. ☐ **LIMITED OPPOSITION**

a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*): _____ and the reason for this request is (*specify*):


b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

   The Debtor:
   (1) ☐ has no knowledge of the Property.
   (2) ☐ has no interest in the Property.
   (3) ☐ has no actual possession of the Property.
   (4) ☐ was not involved in the transfer of the Property.


c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

3. ☒ **OPPOSITION:** The Respondent opposes granting of the Motion for the reasons set forth below.

a. ☐ The Motion was not properly served (*specify*):

   (1) ☐ Not all of the required parties were served.
   (2) ☐ There was insufficient notice of the hearing.
   (3) ☐ An incorrect address for service of the Motion was used for (*specify*):


b. ☒ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:

   (1) ☐ The value of the Property is $ _____, based upon (*specify*):


   (2) ☐ Total amount of debt (loans) on the Property is $ _____.

   (3) ☐ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.

   (5) ☒ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit _____.

   (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.

   (7) ☐ The Property is insured. Evidence of current insurance is attached as Exhibit _____.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                                    **F 4001-1.RFS.RESPONSE**

(8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.

(9) ☒ Respondent denies that this bankruptcy case was filed in bad faith.

(10) ☐ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.

(11) ☐ Other (*specify*):

c. ☒ Respondent asserts the following as shown in the declaration(s) filed with this Response:

(1) ☐ The bankruptcy case was converted from chapter ___ to chapter ___.

(2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.

(3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments ☐ are current, or ☐ will be cured by the hearing date on this motion.

(4) ☐ The Debtor has equity in the Property in the amount of $ _____.

(5) ☐ Movant has an equity cushion of $ _____ or _____% which is sufficient to provide adequate protection.

(6) ☒ The Property is necessary for an effective reorganization because (*specify*):
The Debtor intends to rehabilitate the property and sell it.

(7) ☒ The motion should be denied because (*specify*):
There is no collusion with the prior owners.  The Debtor will provide adequate protection.

(8) ☒ An optional memorandum of points and authorities is attached in support of this Response.

4. **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☒ Declaration by the Debtor               ☐ Declaration by the Debtor's attorney
☐ Declaration by trustee                  ☐ Declaration by trustee's attorney
☐ Declaration by appraiser                ☐ Other (*specify*):

Date: 8/19/26

Lake Forest Bankruptcy II, APC
_____
Printed name of law firm for Respondent (if applicable)

Anerio V. Altman, Esq.
_____
Printed name of individual Respondent or attorney for Respondent

_____
Signature of individual Respondent or attorney for Respondent

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled (*specify*):

RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders
and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __05/19/2026__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Coats dacoats@raslg.com
Christopher J. Langley chris@slclawoffice.com, john@slclawoffice.com;langleycr75251@notify.bestcase.com
Kenneth Misken Kenneth.M.Misken@usdoj.gov
Shana Stark sstark@raslg.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Jennifer C Wong bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

## 2. SERVED BY UNITED STATES MAIL:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

## 3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __05/19/2026__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

| 05/19/2026 | Anerio Ventura Altman, Esq. | /s/ Anerio Ventura Altman, Esq. |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy II, APC
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com
**PROPOSED COUNSEL FOR DEBTOR-IN-POSSESSION
2531 HEIDI CT. LLC**

**UNITED STATES BANKRUPTCY COURTS**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:26-bk-10330-SC |
| 2531 HEIDI CT. LLC, | *Chapter 11* |
| *Debtor.* | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** |
| | **Judge:** Hon. Scott Clarkson |
| | **[FILED CONCURRENTLY WITH THE DECLARATION OF DERIK LEWIS]** |
| | **Hearing Information** Date: June 3, 2026 Time: 1:30 P.M. Place:  411 West Fourth Street #5C, Santa Ana, CA 92701 |

///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

## TABLE OF CONTENTS

**I. INTRODUCTION**................................................................................................................**1**

**II. RELEVANT BACKGROUND**........................................................................................**2**

    A.   THE SENIOR WAMU LOAN ............................................................................2
    B.   THE DBP PLAN JUNIOR DEED OF TRUST AND FORECLOSURE................................3
    C.   THE SALE WAS EFFECTIVE EVEN AFTER THE NUSRATTY'S FILED FOR BANKRUPTCY BECAUSE NO AUTOMATIC STAY WAS IN EFFECT AT THE JUNIOR FORECLOSURE SALE ............4
    D.   TRANSFER TO DEBTOR AND CHAPTER 11 FILING.........................................4

**III. NO CAUSE EXISTS TO GRANT RELIEF UNDER § 362(D)(1)** ................................**5**

    A.   MOVANT'S BAD-FAITH THEORY RESTS ON A FALSE TRANSFER NARRATIVE..................5
    B.   THE FORMER BORROWER'S FILINGS CANNOT BE IMPUTED TO THIS DEBTOR ............6
    C.   DEBTOR HAS A LEGITIMATE CHAPTER 11 PURPOSE AND CAN PROVIDE ADEQUATE PROTECTION...7

**IV. MOVANT HAS NOT ESTABLISHED THE ELEMENTS FOR § 362(D)(4) IN REM RELIEF** ..............................................................................................................................**7**

    A.   IN REM RELIEF REQUIRES AFFIRMATIVE FINDINGS AND A SUFFICIENT EVIDENTIARY RECORD.......7
    B.   THERE WAS NO SHAM-TRANSFER SCHEME ............................................8
    C.   PRIOR BORROWER FILINGS DO NOT PROVE A § 362(D)(4)(B) SCHEME BY THIS DEBTOR ...............9
    D.   THE PRIOR IN REM ORDER DOES NOT SUPPORT MOVANT ................................9

**V. MOVANT'S EVIDENTIARY SHOWING IS INSUFFICIENT FOR EXTRAORDINARY RELIEF** ......................................................................................................................**10**

    A.   MOVANT PROVIDES NO VALUATION EVIDENCE AND DOES NOT PLEAD § 362(D)(2)..................10
    B.   MOVANT'S DECLARATION SHOWS NO ACTIVE FORECLOSURE PROCESS BY MOVANT ..................11
    C.   THE MOTION CONTAINS INTERNAL DEFECTS AND OVERBROAD REQUESTS .................................11

**VI. ADEQUATE PROTECTION IS AVAILABLE AS AN ALTERNATIVE TO STAY RELIEF** ........................................................................................................................**12**

**VII. RULE 4001(A)(3) WAIVER SHOULD BE DENIED** ................................................**12**

**VIII. CONCLUSION**............................................................................................................**13**

ii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

## <u>TABLE OF STATUES AND AUTHORITIES</u>

| Authorities | Page |
|---|---|
| <u>First Yorkshire Holdings, Inc. v. Pacifica L. 22, LC</u> 470 B.R. 864 (B.A.P. 9th. 2012) | 7,11 |
| <u>In Re Johnson</u> 346 B.R. 190 (B.A.P. 9th Cir. 2006) | 8 |
| <u>In Re Merlo</u> 646 B.R. 389 (Bankr. E.D.N.Y. 2022) | 8 |
| <u>Veal v. American Home Mortgage Servicing, Inc.</u> 450 B.R. 897 (B.A.P. 9th Cir. 2011) | 11 |

| Statutes | Page |
|---|---|
| 11 U.S.C. Sec. 362(c)(4) | 4, 8, 10 |
| 11 U.S.C. Sec. 362(d)(2) | 10,11 |
| Rule 4001(a)(3) | 11, 13 |
| 11 U.S.C. Sec. 1201 | 12 |
| 11 U.S.C. Sec. 1301 | 12 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES TRUSTEE, TO THE MOVING PARTY AND TO ALL OTHER PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT DEBTOR AND DEBTOR-IN-POSSESSION 2531 HEIDI CT LLC (*"Debtor"*) herby submits this *Opposition* to that certain *Notice of Motion and Motion for Relief from Automatic Stay under 11 U.S.C. § 362.* (the *"Motion"*) submitted by Select Portfolio Servicing Inc., as Servicing agent for Citibank, N.A., as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HE3 Trust (*"Movant"*).

## I.  INTRODUCTION

Select Portfolio Servicing Inc. (*"Movant"*), as servicing agent for Citibank, N.A., as Trustee, seeks relief from the automatic stay and the extraordinary remedy of prospective in rem relief based on a materially incomplete and inaccurate factual narrative. Movant identifies itself as "Select Portfolio Servicing Inc., as Servicing agent for Citibank, N.A., as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HE3 Trust." See Mot. at 1. Movant's motion falsely assumes that Debtor received a voluntary transfer of the Property from the former borrowers, Kathryn Jean Nusratty and/or M. Hasan Nusratty (Collectively "Nusratty"), as part of a serial bankruptcy scheme.

The actual record establishes the existence of a bona fide junior deed of trust, a completed junior foreclosure sale, and a later recorded intra-entity grant deed from the foreclosing junior lienholder, the Vantis Law Firm, A Professional Law Corporation Defined Benefit Pension Plan (the *"DBP Plan"*), to its wholly owned single-member limited liability company, the Debtor. Lewis Decl. ¶¶ 2-11. The DBP Plan acquired the Property through a junior foreclosure sale and later transferred the Property to the Debtor with no change in proportional economic ownership. Lewis Decl. ¶¶ 7, 11. No voluntary Nusratty-to-Debtor grant deed, quitclaim deed, or other voluntary borrower conveyance occurred. Lewis Decl. ¶¶ 10,

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

12.

Further this filing is not part of a scheme of multiple filings as asserted by Movant.  This is the Debtor's first bankruptcy case. Lewis Decl. ¶ 13. The Debtor did not file, direct, fund, coordinate, or participate in Kathryn Jean Nusratty's prior bankruptcy cases. Lewis Decl. ¶ 12. Movant has submitted no admissible evidence of agency, alter ego, common control, collusion, or coordination between the Debtor and Nusratty in support of its accusation.

Finally, if the Court wishes to award any remedy, it should be adequate protection. The Debtor is prepared to provide adequate protection.  The Debtor will provide insurance, preserve and secure the Property, cooperate with reasonable inspections, provide periodic status reports, and make interest-only adequate-protection payments in the amount of $2,186.67 per month, representing interest at 4.000% per annum on the $656,000 interest-bearing principal balance stated in the December 1, 2015 loan modification, subject to reconciliation and a full reservation of rights after Movant provides a complete accounting and payment history. Lewis Decl. ¶¶ 16-18.

The motion should be denied. At minimum, the Court should deny in rem relief, deny waiver of Rule 4001(a)(3)[1] and condition continuation of the stay on adequate protection rather than terminating the stay.

## II.  RELEVANT BACKGROUND

### A.  The Senior WaMu Loan

The original senior loan was made by Washington Mutual Bank on or about February 13, 2007, to Kathryn Jean Nusratty and M. Hasan Nusratty. The original principal amount was $999,999. The senior

---

[1] It should be noted that Movant also did not seek relief under § 362(d)(3). The § 362(d)(3) box is not checked, Mot. at 4, the SARE declaration paragraph is not checked, Mot. at 10, and the requested relief does not invoke § 362(d)(3), Mot. at 5. In any event, the Property is a one-unit single-family residence excluded from the definition of single asset real estate under 11 U.S.C. § 101(51B). Lewis Decl. ¶ 14; 11 U.S.C. § 101(51B).

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

deed of trust was recorded in Contra Costa County on February 22, 2007 as Document No. 2007-0052925-00. *Mot. Ex. A, Doc. 25-1 at 2, 7-9*. The note matures by its terms on March 1, 2037. Mot. Ex. A, Doc. 25-1 at 2-3; see also Doc. 25-1 at 48. The Debtor is not the borrower under the WaMu note and has not assumed personal liability for that debt. Lewis Decl. ¶¶ 10-13; Mot. Ex. A, Doc. 25-1 at 2, 7.

Movant's payoff figure and monthly payment calculation should not be accepted without strict proof. The December 1, 2015 loan modification states that the interest-bearing principal balance was $656,000.00 and that a portion of the deferred principal balance in the amount of $213,191.10 was eligible for forgiveness under specified conditions. Mot. Ex. A, Doc. 25-1 at 48-49; Lewis Decl. ¶ 16. The modification further provides for later interest-rate changes and a payment schedule. Mot. Ex. A, Doc. 25-1 at 49. Movant's current payoff materials provide a summary payoff and selected payment information, but Movant has not provided a complete loan history or accounting showing whether the deferred-principal reduction credits were applied or how the present payoff was calculated. Mot. Ex. B, Doc. 25-1 at 54-59. The Debtor disputes the amount and components of Movant's claim pending a complete accounting. Lewis Decl. ¶¶ 16, 18.

**B. The DBP Plan Junior Deed of Trust and Foreclosure**

In 2022, the DBP Plan, acting through Derik Lewis as Trustee, made a $440,000 loan to The Kathryn and Hasan Nusratty Revocable Trust. Lewis Decl. ¶ 4. The loan was secured by a junior deed of trust against the Property, recorded in Contra Costa County on August 9, 2022 as Document No. 2022-0124361. Lewis Decl. ¶ 4, Ex. C.

After default under the junior deed of trust, a notice of default was recorded on or about November 3, 2023. Lewis Decl. ¶ 5, Ex. D. A trustee's sale occurred on October 23, 2024. Lewis Decl. ¶ 7. The trustee's deed upon sale states that the DBP Plan's credit bid was $535,089.73. Lewis Decl. ¶ 7, Ex. F. The trustee's deed upon sale was recorded on May 20, 2025 as Contra Costa County Document No. 2025-

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

0050193. Lewis Decl. ¶ 7. The DBP Plan acquired the Property subject to the senior deed of trust. Lewis Decl. ¶ 7.

The trustee's deed upon sale was recorded several months after the October 23, 2024 sale. As explained in the Lewis Declaration, the recording delay resulted from Nusratty's continued legal threats and other delay tactics. Lewis Decl. ¶ 8. The delay was not intended to conceal the sale or alter the senior lender's collateral position. Lewis Decl. ¶ 8.

**C. The Sale Was Effective Even After The Nusratty's Filed for Bankruptcy Because No Automatic Stay Was in Effect at the Junior Foreclosure Sale**

Although the Junior Foreclosure Sale proceeded after Kathryn Jean Nusratty had filed for bankruptcy, the sale was still effective pursuant to 11 U.S.C. Sec. 362(c)(4).

Kathryn Jean Nusratty filed Case No. 24-41674 on October 22, 2024, one day before the junior foreclosure sale. Lewis Decl. ¶ 9. That was her third case within one year. Lewis Decl. ¶ 9. The two prior cases dismissed within the preceding year were Case No. 24-40314, dismissed September 30, 2024, and Case No. 24-41486, dismissed October 16, 2024. Lewis Decl. ¶ 9.

Under 11 U.S.C. § 362(c)(4), if two or more prior cases of the debtor were pending within the previous year and were dismissed, the automatic stay does not go into effect upon the later filing unless the court orders otherwise. 11 U.S.C. § 362(c)(4). No order imposing the stay was obtained in Case No. 24-41674. Lewis Decl. ¶ 9. Lewis was aware of the October 22, 2024 filing, consulted with foreclosure counsel, and was advised that no automatic stay was in effect under § 362(c)(4). Lewis Decl. ¶ 9. The October 23, 2024 junior foreclosure sale therefore proceeded with no automatic stay in effect. Lewis Decl. ¶ 9.

**D. Transfer to Debtor and Chapter 11 Filing**

There is no impropriety as to the timing of the formation of the Debtor or its acquisition of the

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

Property.

2531 Heidi Ct LLC was organized as a Wyoming limited liability company on October 5, 2025. Lewis Decl. ¶ 3, Ex. B. The DBP Plan is the Debtor's sole member. Lewis Decl. ¶¶ 2-3, Ex. A. The operating agreement states that the Debtor's business is to hold the real property located at 2531 Heide Court, El Sobrante, California. Lewis Decl. ¶ 3.

By grant deed dated October 8, 2025 and recorded October 9, 2025 as Contra Costa County Document No. 2025-0105785, Derik Lewis, as Trustee of the DBP Plan, conveyed the Property to the Debtor. Lewis Decl. ¶ 11, Ex. G. The documentary transfer tax was $0.00 under California Revenue and Taxation Code § 11925, reflecting an intra-entity transfer with no change in proportional ownership. Lewis Decl. ¶ 11. The DBP Plan retained 100% economic ownership through its sole membership interest in the Debtor. Lewis Decl. ¶¶ 2, 11.

The Debtor filed this Chapter 11 case on February 3, 2026. Lewis Decl. ¶ 13; Petition, Doc. 1. This is the Debtor's first and only bankruptcy case. Lewis Decl. ¶ 13.

### III.  NO CAUSE EXISTS TO GRANT RELIEF UNDER § 362(d)(1)

#### A.  Movant's Bad-Faith Theory Rests on a False Transfer Narrative

Movant's bad-faith theory relies upon a false narrative.  Movant's theory appears to treat the Debtor as though it received a voluntary transfer from the former borrowers as part of a serial-filing scheme. Movant alleges that the Property was "purportedly transferred" from the borrowers to the Debtor without Movant's consent. Mot. at 12-13.

That allegation is incorrect. The Debtor acquired this property by junior foreclosure sale.  No voluntary grant deed, quitclaim deed, or other voluntary conveyance from the Nusrattys or the Nusratty Revocable Trust to the Debtor occurred. Lewis Decl. ¶ 10. Title came through a junior-lien foreclosure by the DBP Plan, followed by a recorded grant deed from the DBP Plan trustee to the Debtor. Lewis Decl.

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

¶¶ 4-11. The senior deed of trust remained attached throughout. Lewis Decl. ¶¶ 7, 11. There was no concealment, collateral stripping, fractional-interest transfer, or borrower-to-debtor sham deed. Lewis Decl. ¶¶ 10-12.

**B.   The Former Borrower's Filings Cannot Be Imputed to This Debtor**

Nusratty's prior cases cannot be imputed to the Debtor.  The Debtor did not file any of the prior Nusratty bankruptcy cases. Lewis Decl. ¶ 13. The Debtor did not direct, coordinate, fund, or participate in those cases. Lewis Decl. ¶ 12. Movant has submitted no evidence of agency, alter ego, common control, collusion, or coordination between the Debtor and Nusratty.

Prior borrower filings may provide historical context, but they do not establish bad faith by this separate, first-time debtor. Many of the prior borrower filings were directed at delaying the DBP Plan's junior foreclosure efforts, not assisting this Debtor or delaying Movant. Lewis Decl. ¶¶ 6, 9, 12.

Movant may emphasize that Nusratty and the Debtor both filed bankruptcy cases on February 3, 2026. That timing alone does not establish coordination. The Debtor had an independent reason to file: it held record title to the Property and needed to protect and administer that property interest. Lewis Decl. ¶ 13. A coordinated scheme would require only one effective automatic stay. Filing two cases simultaneously provides no additional tactical protection, doubles court scrutiny, and does not, without more, prove a scheme by this Debtor.

With regard to the February 2026 filings, the record supports an inference of independent action, not coordination. Nusratty was continuing her own delay efforts against the DBP Plan, while the Debtor, as record title holder, had an independent reason to file in order to protect and administer its own property interest. The simultaneous filings do not, without evidence of coordination, establish a scheme by this Debtor.

In any event, the existence and effect of any stay in Nusratty's separate February 2026 case does

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

not establish that the Debtor coordinated with her. The relevant issue is whether this Debtor filed its own case as part of a scheme to delay, hinder, or defraud Movant. Movant has offered no evidence that it did.

**C. Debtor Has a Legitimate Chapter 11 Purpose and Can Provide Adequate Protection**

The Debtor filed this case to preserve, sell, refinance, rehabilitate, or otherwise administer its real property asset in an orderly Chapter 11 process. Lewis Decl. ¶¶ 13, 15. The Property is vacant and requires substantial repairs. Lewis Decl. ¶ 15. A Chapter 11 process will preserve value better than immediate foreclosure. Lewis Decl. ¶¶ 13, 15. The Debtor is also prepared to provide adequate protection as described below. Lewis Decl. ¶¶ 17-18.

These facts are inconsistent with the extraordinary finding that this first-time debtor filed as part of a scheme to delay, hinder, or defraud Movant.

**IV. MOVANT HAS NOT ESTABLISHED THE ELEMENTS FOR § 362(d)(4) IN REM RELIEF**

**A. In Rem Relief Requires Affirmative Findings and a Sufficient Evidentiary Record**

Section 362(d)(4) is extraordinary relief. To obtain relief under § 362(d)(4), the court must find three elements to be present:

1. *Debtor's bankruptcy filing* must have been part of a scheme.

2. The object of the scheme must be to delay, hinder, or defraud creditors.

3. The scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property.

See First Yorkshire Holdings, Inc. v. Pacifica *L 22, LLC (In re First Yorkshire Holdings, Inc.),* 470 B.R. 864 (B.A.P. 9th Cir. 2012); 11 U.S.C. § 362(d)(4).

To be clear, Debtor's bankruptcy filing was completely independent of any prior filing by the former borrower. This is Debtor's first and only bankruptcy case. Lewis Decl. ¶ 13. Movant has offered

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

no evidence that Debtor directed, funded, coordinated, or participated in Nusratty's prior filings. Lewis Decl. ¶ 12. Nor has Movant shown a sham transfer: the DBP Plan legally acquired title through a California nonjudicial foreclosure and later transferred the Property to its wholly owned LLC by recorded grant deed. Lewis Decl. ¶¶ 7, 11.

The relief requested under § 362(d)(4) exists only through the statute and only when the statutory requirements are satisfied. See In re Johnson, 346 B.R. 190 (B.A.P. 9th Cir. 2006). Movant has not made the necessary showing here.

**B. There Was No Sham-Transfer Scheme**

The Debtor's petition was not part of a scheme to delay, hinder or defraud creditors.  Section 362(d)(4)(A) addresses schemes involving transfers of interests in real property without consent or court approval. But transfer alone is not enough; Movant must prove that this Debtor's petition was part of a scheme to delay, hinder, or defraud creditors. First Yorkshire supra, 470 B.R. 864.

To the extent Movant relies on In re Merlo, 646 B.R. 389 (Bankr. E.D.N.Y. 2022), that decision is not binding in this Court and does not displace the Ninth Circuit BAP's controlling standard. Under First Yorkshire, the Court must find that this Debtor's filing was part of a scheme to delay, hinder, or defraud creditors, not merely that a transfer occurred. Movant has not made that showing here.  Nor does any alleged due-on-sale clause issue establish a § 362(d)(4) scheme. At most, a due-on-sale provision may give a lender a contractual basis to assert acceleration; it does not convert a recorded junior lien foreclosure and subsequent intra-entity grant deed into a scheme to delay, hinder, or defraud creditors within the meaning of First Yorkshire.

The transfers here were not sham transfers. The DBP Plan acquired the Property by enforcing a recorded junior deed of trust through a California nonjudicial foreclosure. Lewis Decl. ¶¶ 4-7. The DBP Plan then conveyed the Property by recorded grant deed to its wholly owned LLC. Lewis Decl. ¶ 11. The

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

same economic owner remained behind the Property, the transfer was recorded, and the senior lien remained attached. Lewis Decl. ¶¶ 2, 7, 11. Movant has shown no fraudulent transfer, concealment, or scheme.

**C.  Prior Borrower Filings Do Not Prove a § 362(d)(4)(B) Scheme by This Debtor**

Section 362(d)(4)(B) refers to schemes involving multiple bankruptcy filings affecting real property. But Movant still must prove that *this Debtor's filing* was part of a scheme. First Yorkshire, *supra*, 470 B.R. 864.

Movant has failed to carry its burden. The prior filings were by Nusratty, a different legal person. This Debtor has filed one bankruptcy case. Lewis Decl. ¶ 13. Movant has submitted no evidence that the Debtor filed by or on behalf of Nusratty or that Nusratty filed by or on behalf of the Debtor. One filing by a first-time debtor does not establish multiple bankruptcy filings by this Debtor.

**D.  The Prior In Rem Order Does Not Support Movant**

The prior "In Rem" Order referenced by the Movant does not support their argument.

Movant references a prior in rem order entered in Case No. 24-41486 as providing them relief in this case. That order does not support the relief requested.

First, Movant did not obtain the prior in rem order. The order was obtained by Derik Lewis, Trustee of the DBP Plan, through the DBP Plan's foreclosure counsel, Wright, Finlay & Zak. Lewis Decl. ¶ 6. It was obtained by the junior lienholder, not by SPS, Citibank, or the WaMu Trust. Lewis Decl. ¶ 6.

Second, the order was obtained for the specific purpose of permitting the DBP Plan to complete its junior lien foreclosure in the face of Nusratty's serial bankruptcy filings. Lewis Decl. ¶ 6. That purpose has now been fully accomplished. The junior foreclosure sale occurred on October 23, 2024, and the trustee's deed upon sale was later recorded. Lewis Decl. ¶¶ 7-9.

Third, the prior in rem order was never recorded in Contra Costa County. Lewis Decl. ¶ 6. Under

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

§ 362(d)(4), an in rem order has binding effect in subsequent cases only if it is recorded in compliance with applicable state law. 11 U.S.C. § 362(d)(4). Section 362(b)(20) likewise operates only following entry of a qualifying order under § 362(d)(4). 11 U.S.C. § 362(b)(20). Because the prior order was not recorded, Movant cannot rely on it as binding in rem relief against the Property in this later case.

Fourth, SPS cannot invoke another creditor's unrecorded order, obtained for a completed junior foreclosure purpose, as support for SPS's separate senior-lien stay-relief motion. Movant did not attach the prior order, authenticate it, prove recordation, or show that its scope benefits Movant's senior-lien enforcement rights. Movant's own continuation page is internally inconsistent on the date of the prior order, referencing both October 18, 2024 and October 16, 2024, with its own timing calculations working only from October 16, which further underscores why the prior order cannot substitute for Movant's burden to prove the statutory elements for new § 362(d)(4) relief in this case. Debtor has attached the in-rem order to show its limited scope and purpose. Lewis Decl. ¶ 6, Ex. E.

Fifth, even if Movant could invoke the order, changed circumstances defeat reliance on it. Since the order was entered, the junior foreclosure was completed, the trustee's deed upon sale was recorded, title was later transferred by recorded grant deed to the Debtor, and the Debtor filed its first bankruptcy case as record title owner. Lewis Decl. ¶¶ 7-13. Those circumstances are materially different from the borrower's prior cases.

If anything, the prior order supports the Debtor's position. It shows that the DBP Plan was enforcing a bona fide junior lien through counsel and through court-recognized relief in response to Nusratty's serial filings. Lewis Decl. ¶ 6. It does not prove a scheme by this Debtor.

## V. **MOVANT'S EVIDENTIARY SHOWING IS INSUFFICIENT FOR EXTRAORDINARY RELIEF**

### A. **Movant Provides No Valuation Evidence and Does Not Plead § 362(d)(2)**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

Movant did not seek relief under § 362(d)(2). Mot. at 4-5. Its declaration leaves the value, equity, and sale-cost fields blank or marked "N/A." Mot. at 8-9. Movant submitted no appraisal, broker opinion, or other valuation evidence. This failure is significant because Movant seeks extraordinary in rem relief and waiver of Rule 4001(a)(3), yet provides no record supporting any emergency equity, collateral-risk, or valuation analysis. Lacking this evidence, Movant has not established any valuation-based basis for relief, lack of equity, inadequate protection based on equity erosion, urgency, or waiver of Rule 4001(a)(3). Nor has Movant supplied the developed factual record required for extraordinary in rem relief. See *First Yorkshire*, 470 B.R. at 870–71.

**B. Movant's Declaration Shows No Active Foreclosure Process by Movant**

Movant's own declaration fails to state that any active notice of default, notice of sale, or scheduled sale exists under Movant's foreclosure process. Mot. at 7. Movant may seek stay relief to initiate or resume foreclosure, but its own record does not support urgency, waiver of Rule 4001(a)(3), or extraordinary in rem relief.

**C. The Motion Contains Internal Defects and Overbroad Requests**

The motion inconsistently identifies SPS as servicing agent while checking "Holder" and "Beneficiary" without checking the servicing-agent authorization box. Mot. at 1, 3, 6. Although a loan servicer may be able to seek stay relief if properly authorized, the movant must establish that it is a party in interest with at least a colorable claim to enforce the obligation or act for the holder/beneficiary. See Veal v. American Home Mortgage Servicing, Inc. (In re Veal), 450 B.R. 897, 914-15 (B.A.P. 9th Cir. 2011). The Debtor therefore requests strict proof of Movant's standing, capacity, and authority.

The declaration also checks "Debtor's principal residence," although the Debtor is an LLC and cannot have a personal residence. Mot. at 7. This further demonstrates that Movant's form declaration should not support extraordinary in rem relief.

11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

The motion also requests termination or modification of the co-debtor stay under §§ 1201 and 1301, but this is a Chapter 11 case filed by an LLC. Mot. at 5. Section 1201 applies in Chapter 12 cases. 11 U.S.C. § 1201. Section 1301 applies in Chapter 13 cases. 11 U.S.C. § 1301. Neither statute applies here. That request should be denied as legally inapplicable.

**VI.  ADEQUATE PROTECTION IS AVAILABLE AS AN ALTERNATIVE TO STAY RELIEF**

If the Court has any concern about Movant's secured position, the appropriate remedy is to condition continuation of the stay on adequate protection rather than grant stay relief or in rem relief. See 11 U.S.C. § 362(d)(1).

The Debtor is prepared to maintain insurance, preserve and secure the Property, provide proof of insurance, cooperate with reasonable inspections, and provide periodic status reports regarding sale, refinance, or rehabilitation efforts. Lewis Decl. ¶ 17.

The Debtor is also prepared to make interest-only adequate-protection payments of $2,186.67 per month, representing interest at 4.000% per annum on the $656,000 interest-bearing principal balance stated in the December 1, 2015 loan modification entered into by Select Portfolio Servicing, Inc. Lewis Decl. ¶¶ 16, 18. This offer is made without admitting personal liability, without assuming the loan, and without waiving any objection to Movant's claim, payoff, escrow accounting, fees, charges, or entitlement to relief. Lewis Decl. ¶ 18. The payment amount should be reconciled after Movant produces a complete payment history and accounting, including evidence showing whether the deferred principal reduction credits in the 2015 modification were applied. Lewis Decl. ¶¶ 16, 18.

The existence of a reasonable adequate-protection alternative further demonstrates that immediate stay relief, in rem relief, and waiver of Rule 4001(a)(3) are unnecessary on this record.

**VII.  RULE 4001(a)(3) WAIVER SHOULD BE DENIED**

12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

Even if the Court grants some portion of the relief requested, it should deny waiver of the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3). Fed. R. Bankr. P. 4001(a)(3).

There is no scheduled foreclosure sale, no emergency shown by Movant's own declaration, and the Debtor should retain the ordinary time to seek reconsideration, appeal, or other relief if necessary. Mot. at 7.

## VIII.  CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court deny the motion in full. In the alternative, the Debtor requests that the Court:

1. Deny § 362(d)(4) in rem relief;

2. Deny waiver of Rule 4001(a)(3);

3. Deny co-debtor stay relief under §§ 1201 and 1301;

4. Deny any relief under § 362(d)(3) as not noticed and unsupported;

5. Condition continuation of the stay on adequate protection as appropriate;

6. Provide other relief as the court finds just.

Date: May 19, 2026                                Signed: /S/ ANERIO V. ALTMAN, ESQ.
                                                           ANERIO V. ALTMAN, ESQ.
                                                           PROPOSED COUNSEL FOR
                                                           DEBTOR-IN-POSSESSION
                                                           2531 HEIDI CT. LLC

13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**