Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy II, APC
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com
**PROPOSED COUNSEL FOR DEBTOR-IN-POSSESSION**
**2531 HEIDI CT. LLC**

# UNITED STATES BANKRUPTCY COURTS

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>2531 HEIDI CT. LLC,<br><br>        *Debtor.* | Case No. 8:26-bk-10330-SC<br><br>*Chapter 11*<br><br>**DECLARATION OF DERIK LEWIS IN SUPPORT OF THE RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>**<u>Judge:</u>**<br>Hon. Scott Clarkson<br><br>Hearing Information<br>Date: June 3, 2026<br>Time: 1:30 P.M.<br>Place:  411 West Fourth Street #5C, Santa Ana, CA 92701 |

///

**DECLARATION OF DERIK LEWIS**

**DECLARATION OF DERIK LEWIS IN SUPPORT OF DEBTOR'S RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

I, Derik Lewis, declare as follows:

1.      I am the Trustee of the Vantis Law Firm, A Professional Law Corporation Defined Benefit Pension Plan (the **"DBP Plan"**). I make this declaration based on my personal knowledge, my review of business records, and my involvement in the matters described below. If called as a witness, I could and would competently testify to the facts stated in this declaration.

2.      The DBP Plan is the sole member of 2531 Heidi Ct LLC, a Wyoming limited liability company (the **"LLC"** or **"Debtor"**), and holds a 100% membership interest pursuant to the LLC's Operating Agreement dated October 5, 2025. The LLC is managed by its sole member. In my capacity as Trustee of the DBP Plan, I am authorized to act on behalf of the DBP Plan as sole member of the LLC and to take actions on behalf of the LLC, including actions relating to this bankruptcy case. A true and correct copy of the LLC's Operating Agreement is attached as **Exhibit A**.

3.      2531 Heidi Ct LLC was formed as a Wyoming limited liability company on October 5, 2025. A true and correct copy of the LLC's Articles of Organization is attached as **Exhibit B**. Wyoming was selected as the formation jurisdiction for the holding entity. The LLC was formed to hold and administer the real property commonly known as 2531 Heide Court, El Sobrante, California 94803, APN 433-280-006-1 (the **"Property"**). The Operating Agreement states that the business of the LLC is to hold the single asset consisting of the Property and to conduct lawful activities related to that purpose.

4.      On or about August 2, 2022, the DBP Plan made a loan in the original principal amount of $440,000 to The Kathryn and Hasan Nusratty Revocable Trust. The loan was secured by a junior deed of trust against the Property. The junior deed of trust was recorded on August 9, 2022 as Contra Costa County Document No. 2022-0124361. A true and correct copy of the junior deed of trust is attached as **Exhibit C**.

5.      The borrower under the junior deed of trust defaulted. A notice of default under the junior deed of trust was recorded on or about November 3, 2023. The foreclosure process under the junior deed of trust proceeded through a nonjudicial foreclosure sale. A true and correct copy of the notice of default is attached as **Exhibit D**.

1

**DECLARATION OF DERIK LEWIS**

6. In connection with the junior foreclosure, the DBP Plan, through its foreclosure counsel Wright, Finlay & Zak, obtained an in rem order in Kathryn Jean Nusratty's bankruptcy case, Case No. 24-41486. That order was obtained by the DBP Plan as junior lienholder, not by Select Portfolio Servicing Inc., Citibank, N.A., the WaMu Trust, or any senior lienholder. The order was obtained to allow the DBP Plan to complete its junior lien foreclosure in light of Nusratty's serial bankruptcy filings. The purpose for which the order was obtained has been completed. To my knowledge, that in rem order was never recorded in Contra Costa County. A true and correct copy of the order is attached as **Exhibit E**.

7. A trustee's sale under the junior deed of trust was held on October 23, 2024. The DBP Plan credit bid $535,089.73. The trustee's deed upon sale was executed and notarized on or about November 12, 2024 and was recorded on May 20, 2025 as Contra Costa County Document No. 2025-0050193. The trustee's deed upon sale vested title in me as Trustee of the DBP Plan, subject to the senior deed of trust originally recorded in favor of Washington Mutual Bank. A true and correct copy of the trustee's deed upon sale is attached as **Exhibit F**.

8. The trustee's deed upon sale was not recorded until May 20, 2025 because, after the sale, Nusratty continued to make legal challenges, allegations, and threats of litigation concerning the foreclosure process. After consultation with foreclosure counsel, the DBP Plan delayed recordation while those issues were evaluated. The delay in recording was not intended to conceal the foreclosure sale, interfere with the senior deed of trust, or alter the senior lienholder's collateral position.

9. I was aware, based on communications with foreclosure counsel and review of bankruptcy docket information available at the time, that Kathryn Jean Nusratty filed bankruptcy Case No. 24-41674 on October 22, 2024, the day before the junior foreclosure sale. I understood that this was Nusratty's third bankruptcy case within one year. The two prior cases dismissed within the preceding year were Case No. 24-40314, dismissed September 30, 2024, and Case No. 24-41486, dismissed October 16, 2024. Before proceeding with the sale, I consulted with foreclosure counsel. Foreclosure counsel confirmed that, based on the prior dismissed cases and 11 U.S.C. § 362(c)(4), no automatic stay went into effect in Case No. 24-41674 absent a court order imposing the stay. I was not aware of any order imposing the stay. The sale proceeded based on that confirmation from foreclosure counsel.

2

**DECLARATION OF DERIK LEWIS**

10. Neither the DBP Plan nor the LLC received a voluntary grant deed, quitclaim deed, or other voluntary transfer of title from Kathryn Jean Nusratty, M. Hasan Nusratty, or any Nusratty trust. The DBP Plan acquired title through the junior-lien foreclosure process.

11. By grant deed dated October 8, 2025 and recorded October 9, 2025 as Contra Costa County Document No. 2025-0105785, I, as Trustee of the DBP Plan, conveyed the Property to 2531 Heidi Ct LLC. The transfer was an internal holding-structure transfer from the DBP Plan to its wholly owned LLC. The DBP Plan retained 100% economic ownership through its membership interest in the LLC, and the LLC took title subject to the senior deed of trust. The grant deed reflects documentary transfer tax of $0.00 under Revenue and Taxation Code § 11925. A true and correct copy of the grant deed is attached as **Exhibit G**.

12. I did not direct, request, fund, arrange, or coordinate any bankruptcy filing by Kathryn Jean Nusratty, M. Hasan Nusratty, or any Nusratty trust. I did not have any agreement with Nusratty to file bankruptcy. There is no coordination between the LLC and Nusratty concerning any bankruptcy filing by Nusratty.

13. The LLC filed its Chapter 11 petition on February 3, 2026. This is the LLC's first and only bankruptcy case. The LLC filed the case to preserve and administer its record-title interest in the Property and to pursue an orderly sale, refinance, rehabilitation, or other Chapter 11 resolution involving the Property.

14. The Property is a detached single-family residence containing one residential unit. It is not a multi-unit residential property. To the extent the petition identified the Debtor as a Single Asset Real Estate debtor, that designation was made in error and will be promptly corrected by amended petition and/or notice of non-SARE status.

15. The Property is vacant and requires substantial repairs. The Debtor has obtained an appraisal reflecting an as-is value of approximately $750,000 and a contractor estimate reflecting substantial repair needs. The Debtor seeks to preserve the Property, maintain its value, and pursue an orderly process to address the senior lien and other obligations. True and correct copies of the appraisal and contractor estimate are attached as **Exhibits H and I**.

3

**DECLARATION OF DERIK LEWIS**

16. Based on my review of loan modification materials relating to Movant's claim, I understand that a December 1, 2015 loan modification entered into by Select Portfolio Servicing, Inc. established a $656,000 interest-bearing principal balance and that the applicable interest rate later stepped to 4.000% during the current payment step. Movant's Exhibit A / Doc. 25-1 at 48–49. I also understand that the modification contained a deferred principal reduction provision. The Debtor reserves all rights to require Movant to provide a full payment history and accounting, including whether all applicable deferred principal reduction credits were applied.

17. The Debtor is willing to provide adequate protection while it pursues its Chapter 11 objectives. The Debtor is willing to maintain insurance, preserve and secure the Property, provide proof of insurance, cooperate with reasonable inspections, and provide periodic status reports regarding sale, refinance, rehabilitation, or other case milestones.

18. Subject to confirmation of payment instructions and without admitting personal liability, assuming the loan, or waiving any rights, defenses, or objections to Movant's claim, the Debtor is prepared to make monthly interest-only adequate-protection payments of $2,186.67. That amount represents interest at 4.000% per annum on the $656,000 interest-bearing principal balance stated in the December 1, 2015 loan modification. The Debtor reserves all rights regarding Movant's claimed payoff balance, escrow amounts, fees, charges, and accounting.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2026 at Aliso Viejo, CA.

_____
Derik Lewis

4

**DECLARATION OF DERIK LEWIS**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled (*specify*):

DECLARATION OF DERIK LEWIS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

### 1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders

and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __**05/19/2026**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Coats dacoats@raslg.com
Christopher J. Langley chris@slclawoffice.com, john@slclawoffice.com;langleycr75251@notify.bestcase.com
Kenneth Misken Kenneth.M.Misken@usdoj.gov
Shana Stark sstark@raslg.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Jennifer C Wong bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

### 2. **SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

### 3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method

for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __**05/19/2026**__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **05/19/2026** | **Anerio Ventura Altman, Esq.** | **/s/ Anerio Ventura Altman, Esq.** |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.